In the Matter of Robert S., Appellant.—Appeal from an order of the Family Court, Queens County, dated April 20, 1978, which, upon a fact-finding adjudication that appellant is a juvenile delinquent, placed him with the Division for Youth for a period of five years. Order affirmed, without costs or disbursements. We hold that the trial court's conclusions of fact were supported by the credible evidence offered at trial. An alleged juvenile delinquent is not entitled to a trial by jury (see *Matter of Daniel D.,* 27 NY2d 90). Appellant's other arguments also lack merit. Cohalan, Margett and Martuscello, JJ., concur.

Suozzi, J. P., dissents and votes to reverse the order and dismiss the petition, with the following memorandum: In my view the prosecution failed to produce sufficient evidence to disprove beyond a reasonable doubt appellant's defense of justification. The instant proceeding arose out of the fatal stabbing of one William Kirwan by appellant as they were engaged in a fight on December 31, 1977 at 11:35 P.M. There was more than ample evidence in the record to establish that (1) the deceased was a person with a reputation of violent and drunken behavior (including one prior instance of an unprovoked stabbing) and (2) on the night of his death he was intoxicated when he initiated an argument and a fight with the appellant whom he had threatened as recently as a week prior to his death. It was appellant's defense that he killed the decedent in self-defense after the latter produced a knife during the fight. The prosecution called four witnesses who observed the fight. The first three witnesses, two of whom, Griffith and Coolihan, were only three to four feet away from the combatants, did not

even see a knife used during the fight much less who introduced it. It was only after the decedent fell to the ground and left the scene (he collapsed shortly thereafter) that one of the witnesses, Griffith, found a knife on the ground and threw it away. The testimony which was considered crucial by the fact-finding Judge on the issue of guilt was that adduced by the fourth witness, Sweeny. This witness testified that (1) he saw appellant stab the decedent three or four times and (2) after the decedent staggered away, the appellant asked the witnesses to the fight, "where is *my* knife?" (emphasis supplied). Apart from the fact that Sweeny was a friend of decedent's father and sister, his testimony was even more seriously impeached by the fact that he was 15 feet away from the appellant (much further than the other witnesses who saw no knife or stabbing) and that the appellant's back was towards him at all times. Although he claimed that appellant stated "where is my knife?", he was incapable of recalling any of the words exchanged by the combatants or even Griffith's response to appellant's question, when Griffith indicated that he threw the knife away. Moreover, Sweeny's testimony was contradicted by the testimony of the appellant's girlfriend who testified that immediately after the fight ended the appellant merely stated "What happened to *the* knife?" (emphasis supplied), and that on the way home after the fight he told her that the decedent had pulled out a knife and appellant stabbed him in self-defense. In view of this conflict in the testimony it would have been reasonable to expect that the prosecutor would have queried Griffith and Collihan, who were closest in distance to the appellant and to whom the latter's question was addressed (Griffith having responded thereto), as to the exact nature of the words uttered by the defendant. The prosecutor's unexplained failure to ask this question of these two witnesses leads inescapably to the inference that their testimony on this issue would not have supported that advanced by Sweeny. Under these circumstances, a reasonable doubt was established with respect to the defense of justification, and the petition should have been dismissed.